IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC, ) | Case No. 2:23-cv-00643-JRG |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD and ) | |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION FOR ENTRY OF PARTIALLY DISPUTED DISCOVERY ORDER**

Plaintiff Truesight Communications LLC ("Truesight" or "Plaintiff") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") (Plaintiff and Defendants collectively referred to as "the Parties") hereby submit the Proposed Partially Disputed Discovery Order attached as Exhibit A.

The Parties were able to reach agreement on nearly all provisions of the Discovery Order, but the Parties have one dispute related to Defendants' Proposed Addition (highlighted in yellow below) that requires the Court's intervention. The Parties disagree on whether certain language should be added to Section 5(c) regarding the minimum number of hours a deposition of Samsung witnesses residing in or having a principal place of employment in Korea should count against Plaintiff's total allotted deposition hours.

The Parties' competing proposals and arguments in favor of their proposals are presented below:

1

I. <u>Section 5(c)</u>

<u>Fact Depositions of Parties</u>: Each side may take up to 56 total hours[1] of deposition testimony of the other side.  Depositions of experts, inventors, and third parties do not count against these limits.  Absent a showing of good cause, each deposition will be limited to no more than one (1) day of seven (7) hours pursuant to Fed. R. Civ. P. 30(d)(1). Should a single witness be designated pursuant to Rule 30(b)(6) to address voluminous noticed deposition topics, the seven-hour time limit under 30(d)(1) will not apply to such witness, but such deposition may still not exceed seven hours in one day, absent agreement of the parties.  A deposition of a witness will count for at least a minimum of 2 hours even if the deposition does not exceed 2 hours.  [Defendants' Proposed Addition: Notwithstanding the preceding sentence, a deposition of a Defendants' witness residing in or having a principal place of employment in Korea will count for at least a minimum of 4 hours, even if the deposition does not exceed 4 hours.]  In-person depositions of witnesses shall be taken in the city where the witness resides or has a principal place of employment, or at a mutually-agreed upon location. Virtual depositions (*e.g.*, Zoom) shall be taken during regular business hours of the witness, and counsel defending a party witness during a virtual deposition will always be permitted to be in the same room as the deponent during the deposition.

II. **Plaintiff's Position**

Plaintiff maintains that the inclusion of a minimum number of deposition hours where that deposition does not exceed that time is unnecessary, in view of the parties' agreed total number of deposition hours. However, in an effort to reach compromise and present an Agreed Discovery Order to this Court, Plaintiff agreed to a two-hour minimum. Defendants now argue that it should be permitted to implement a *four-hour* minimum for any depositions of Korea-based witnesses, regardless of whether that deposition takes place in-person in Korea, and even where a deposition may not exceed four hours. A four-hour minimum is unnecessary, unduly restrictive, and extremely prejudicial, particularly where it is limited to Defendants' Korea-based witnesses. This Court's default protective order does not contain such restrictions and sufficiently allays any concerns regarding unnecessary or burdensome discovery. While Defendants argue there is a

---

[1] For purposes of this Section 5, "hours" means hours on the record.

"burden inherent in preparing for and taking/defending depositions in Korea," Defendants would effectively penalize Plaintiff for efficiently conducting discovery and not wasting the time or resources of parties and witnesses.

Defendants' proposals to Section 5 presents a prejudicial and unduly burdensome restriction on Plaintiff. Defendants should not be permitted to penalize Plaintiff for its discovery efforts and Plaintiff respectfully requests that Defendant's proposal regarding the four-hour minimum hour requirement be denied.

### III.     Defendant's Position

Samsung proposes additional language that would add a 4-hour minimum counted time for depositions of Samsung witnesses residing in or having their principal place of employment in Korea. Samsung anticipates that Plaintiff will seek to depose multiple Samsung witnesses located in Korea. A heightened minimum for only these witnesses (i.e., beyond the agreed 2-hour minimum) is warranted in light of the additional burden imposed on Samsung in having its counsel travel to Korea, and prepare and defend depositions of Samsung witnesses in Korea. The requested 4-hour minimum would require Plaintiff, who is permitted under this same provision of the Discovery Order to take Virtual depositions, to ensure it has substantive basis for such depositions (i.e., in consideration of the burden of time and expense that potentially only Samsung would have to incur) and avoid a scenario in which Plaintiff could conduct multiple virtual depositions of short duration with minimal consequence to Plaintiff. Of course, as needed, to the extent Plaintiff reasonably expends its time with a 4-hour minimum, Samsung would reasonably consider a request for additional deposition time in the future, as warranted.

Dated: June 27, 2024

*/s/ Jin-Suk Park*
Jin-Suk Park
jin.park@arnoldporter.com
Ali R. Sharifahmadian
Ali.Sharifahmadian@arnoldporter.com
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC  20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorney for Defendants*
*Samsung Electronics Company, Ltd., and*
*Samsung Electronics America, Inc.*

Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

*ATTORNEYS FOR PLAINTIFF,*
*TRUESIGHT COMMUNICATIONS LLC*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 27, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff has met and conferred with counsel for Defendants, and all parties have agreed to the form of the Dispute Discovery Order submitted herewith.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III