IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC, | Case No. 2:23-cv-00643-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.     Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action; and

  (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until thirty (30) days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than thirty (30) days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation

    of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**  **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.**  **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the following limitations.  For purposes of Paragraph 5, the term "Defendants" shall refer to Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. collectively.  The term "side" shall either refer to Plaintiff or to Defendants, as appropriate.

  (a)  <u>Interrogatories:</u> Each side may serve up to 30 interrogatories.

  (b)  <u>Requests for Admission</u>: Each side may serve up to 30 requests for admissions.  In addition, the parties will be permitted to serve additional requests for admissions that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a "printed publication" or other prior art as of a certain date under 35 U.S.C. § 102.  The parties shall work together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid the service of large numbers of requests for admission relating to authenticity, admissibility, and/or qualification as a "printed publication."

  (c)  <u>Fact Depositions of Parties</u>: Each side may take up to 56 total hours[3] of deposition testimony of the other side.  Depositions of experts, inventors, and third parties do not count against these limits.  Absent a showing of good cause, each deposition will be limited to no more than one (1) day of seven (7) hours pursuant to Fed. R.

---

[3] For purposes of this Section 5, "hours" means hours on the record.

        Civ. P. 30(d)(1). Should a single witness be designated pursuant to Rule 30(b)(6) to address voluminous noticed deposition topics, the seven-hour time limit under 30(d)(1) will not apply to such witness, but such deposition may still not exceed seven hours in one day, absent agreement of the parties. A deposition of a witness will count for at least a minimum of 2 hours even if the deposition does not exceed 2 hours. In-person depositions of witnesses shall be taken in the city where the witness resides or has a principal place of employment, or at a mutually-agreed upon location. Virtual depositions (e.g., Zoom) shall be taken during regular business hours of the witness, and counsel defending a party witness during a virtual deposition will always be permitted to be in the same room as the deponent during the deposition.

(d)    <u>Non-Party, Non-Inventor Fact Depositions</u>: Each side may take up to forty (40) hours of non-party, non-inventor fact depositions. Each deposition will count for at least a minimum of 2 hours even if the deposition does not exceed 2 hours. Consistent with the Federal Rules, no non-party, non-inventor fact deposition shall exceed seven (7) hours. Absent a stipulation by the deponent, a party must obtain leave of court prior to deposing a deponent that has already been deposed in the case.

(e)    <u>Inventor Depositions</u>: Separate and in addition to the time provided for the depositions outlined above in Paragraphs 5(c) and 5(d), Defendants may take up to

seven (7) hours of deposition of each inventor, in their personal capacity, who is named on the face of the Asserted Patents.

(f) <u>Expert Depositions</u>: Each side is limited to six (6) testifying expert witnesses per side. Each side reserves its right to request additional testifying experts, and the parties will meet and confer in good faith to revise this provision should a party later determine that additional experts are needed. For purposes of clarity, expert depositions do not count towards the fact-deposition limits set forth in Sections 5(c), 5(d), and 5(e). Each testifying expert may be deposed for up to seven (7) hours for each declaration or report submitted by that expert. To the extent an expert submits a declaration or report that address multiple substantive issues (*e.g.*, infringement, validity, claim construction, or damages), the parties will meet and confer in good faith to determine if the volume of opinions in a report or declaration warrants additional time. To the extent an expert is subject to more than seven (7) hours of deposition time (e.g., the expert has offered more than one report or declaration), the deposition will not exceed seven (7) hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

(g) <u>Coordination:</u> Each side should make a good faith effort to work together to avoid the need for duplicative depositions. The parties and counsel are directed to coordinate their discovery efforts to avoid duplication and otherwise promote efficiency. Counsel should confer in advance to schedule depositions at mutually convenient times and places. The parties should keep in mind the need to avoid subjecting any person to repeated depositions.

(h) <u>Modification</u>: Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.** **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

**9.** **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within fourteen (14) days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b)    An opposed discovery related motion, or any response thereto, shall not exceed seven (7) pages. Attachments to a discovery related motion, or a response thereto, shall not exceed five (5) pages. No further briefing is allowed absent a request or order from the Court.

    (c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

>   Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two (2) pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery**

    **(a)** <u>Discovery of Expert Material:</u>

    **i.**    The Parties agree to the limitations of Federal Rule of Civil Procedure 26 with regard to the discovery of expert materials. To the extent not already covered by Federal Rule of Civil Procedure 26, the Parties further agree to the following limitations regarding the discovery of expert materials.

    **ii.**    No conversations or communications between or including any Party or its counsel on the one hand and any testifying or non-testifying expert on the other hand, or between or including any testifying expert and any non-testifying expert, including emails, written agreements, or correspondence, and notes or outlines pertaining thereto, whether drafted or occurring in connection with this Action or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), will be subject to discovery or examination at any deposition, hearing, or trial unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

    **iii.**    Testifying experts shall not be subject to discovery or examination at any deposition, hearing, or trial on any draft of their expert reports, draft declarations, and draft affidavits, nor notes or outlines pertaining thereto, whether drafted in connection with this Action or any prior or pending investigation, litigation, or proceeding (including *inter partes* review or reexamination proceedings before the USPTO).

    **iv.**    Discovery of materials provided to testifying experts, whether provided in connection with this Action or any prior or pending investigation, litigation,

or proceeding (including *inter partes* review or reexamination proceedings before the USPTO), shall be limited to those materials, facts, non-testifying expert opinions, and other matters actually relied upon by a testifying expert in formulating his or her final report or any opinion in this Action.

v. Non-testifying experts shall not be subject to discovery, except to the extent a testifying expert is relying on the work or opinions of a non-testifying expert in formulating his or her final report or any opinion in this Action. Where a testifying expert is relying on the work or opinions of a non-testifying expert, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts, but discovery shall be limited to the information provided to the testifying expert that the testifying expert is relying on in formulating his or her final report or any opinion in this Action and the basis for such information. Nothing in this paragraph shall limit, alter, or modify the disclosure of outside consultants or experts, including non-testifying experts, as required under the Proposed Protective Order.

(b) <u>Production of Materials Obtained Via Third-Party Subpoena:</u>  The parties agree that they will serve each other with copies of any subpoena or deposition notice directed to a third-party. A party receiving documents from a third party pursuant to a subpoena will provide copies of those documents to the other parties within five (5) business days of receiving such documents. A party who commands a deposition through subpoena will invite and allow the other party to attend such deposition. The parties agree to consult with each other and with the third party,

and to employ best efforts to schedule any third-party deposition on a mutually acceptable date. The provisions of this Paragraph 12(a) are in addition to and do not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

(c) <u>Privilege Logs:</u>  The parties agree that the parties shall not be required to log any privileged documents created on or after the date of the Complaint in this action.

(d) <u>Service by Electronic Mail:</u>  Except as otherwise required by the Proposed Protective Order, the Parties will make every effort to serve all documents electronically, by e-mail (or if too voluminous, by FTP or other file transfer service) or through ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

(e) <u>E-Discovery Order:</u> The Parties will meet and confer in good faith and submit a proposed e-discovery order within forty-five (45) days after the filing of this Order. Paragraph 3 of this Order does not apply to email discovery.  For avoidance of doubt, no Party needs to search, collect or produce electronic mail or messages, including as part of Additional Disclosures, until after the entry of an appropriate E-Discovery order by the Court, and only to the extent required under such E-discovery order.

(f) <u>Order Focusing Patent Claims and Prior Art</u>: The Parties will meet and confer in good faith and submit a proposed Order Focusing Patent Claims and Prior Art to Reduce Costs within seventy (70) days after the filing of this Order, which will follow the agreed-upon narrowing dates in the Docket Control Order.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 1st day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE