# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TRUESIGHT COMMUNICATIONS LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:23-CV-00643-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | |
| and SAMSUNG ELECTRONICS § | |
| AMERICA, INC. § | |
| § | |
| *Defendants*. § | |

## ORDER

Before the Court is the Opposed Motion for Leave to Serve Supplemental Expert Reports (the "Motion") filed by Plaintiff Truesight Communications LLC ("Plaintiff" or "Truesight"). (Dkt. No. 157.) In the Motion, Plaintiff requests leave to serve supplemental expert reports addressing the Court's Claim Construction Order, which issued after the deadline for expert reports. (*Id.* at 1.) Plaintiff contends that good cause exists because (1) the material added to the supplemental reports is limited to addressing the Court's Claim Construction Order (Dkt. No. 120), (2) supplementation of the expert report is important because it gives Truesight the opportunity to elucidate its infringement theories in light of the Court's Claim Construction Order, (3) Samsung will not be prejudiced given it has been on notice of Truesight's positions since service of Truesight's infringement contentions, and (4) a continuance is not necessary. (*Id.* at 2-3.)

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung") contend that Truesight does not satisfy the good cause standard. (Dkt. No. 177 at 2.) First, Samsung argues that Truesight should have disclosed these new opinions, including its new doctrine of equivalence positions, in its opening expert report because the Court's constructions were foreseeable. (*Id.*) As an example, Samsung notes that the Court's

construction of "standard definition" and "high definition" in the '803 Patent was foreseeable given that the Court adopted Samsung's proposed construction. (*Id.* (citing Dkt. No. 120 at 12-14.) Samsung further notes that the Court adopted Samsung's proposed construction verbatim for every term in the '879 Patent that Truesight now seeks to supplement. (*Id.*) Consequently, Samsung argues that Truesight's Motion fails because it neither explains why its expert failed to include these new infringement positions in its opening report or how it has been diligent in serving the supplemental report. (*Id.* at 2, 6.)

Second, Samsung claims it would be materially prejudiced if Truesight was allowed to serve Dr. Valerdi's supplemental expert report. (*Id.* at 5.) As an initial matter, Samsung notes that it previously proposed an extension that would have allowed time for the parties to see the Court's Claim Construction Order. (*Id.* at 4 (citing Dkt. No. 160-2).) Truesight rejected that request without offering any counterproposal or further consideration. (*Id.* (citing Dkt. No. 160-2) (replying only "No" to Samsung's proposed request for extension).) Consequently, Samsung claims it took great efforts to account for potential/alternative constructions in its expert reports. (*Id.*) Samsung further argues it would suffer more prejudice given that it has fully disclosed its positions and arguments in its recently filed motions to strike and motions for summary judgment, which essentially would act as a "roadmap" for Truesight to fix the pertinent issues it seeks to address in its supplemental expert report. (*Id.* at 6.)

Having considered the Motion, the subsequent briefing, and the Court's Claim Construction Order, the Court finds that Truesight has not established that there is good cause to serve it supplemental expert reports. Truesight claims that the material added to the supplemental reports is limited to addressing the Court's Claim Construction Order and the inclusion of constructions not offered by either party. (Dkt. No. 157 at 2.) Truesight does not cite any such

construction and the corresponding supplementation for the Court to consider. (*See generally* Dkt. No. 157.) Samsung, however, cites several of its proposed constructions that the Court fully adopted. (Dkt. No. 177 at 3-4.) In the Claim Construction Order, for example, the Court "adopt[ed] Samsung's construction for" for "high definition" and "standard definition." (Dkt. No. 120 at 12-14.) The Court also adopted Samsung's proposed constructions for "rating," "V-chip," "personal identification number (PIN)," and "rating based media access policy / rating based access control policy." (*See* Dkt. No. 120 at 32-33, 33-34, 36-37, 37-39, 39-41.) Truesight cannot reasonably claim these constructions were unforeseeable. Moreover, Truesight does not adequately explain why it failed to initially include all the relevant supplementation it now seeks to serve. The Court is further persuaded that Samsung would be materially prejudiced by Truesight's supplementation, especially this late in the case. Consequently, Truesight has not established good cause to serve supplemental expert reports. Accordingly, the Motion is **DENIED**.

**So ORDERED and SIGNED this 12th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3